■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIEN CHARLES, Also Known as DARRYL CARRINGTON, Appellant. [986 NYS2d 228]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered March 24, 2010, convicting him of attempted criminal possession of a forged instrument in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith, and the appeal is held in abeyance in the interim.

The defendant contends that his plea of guilty was not knowing and voluntary because the plea record demonstrates that the court never advised him of the possibility that he would be deported as a consequence of his plea.

In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals recognized that deportation, although a "collateral" consequence of a plea of guilty, is a "truly unique" collateral consequence: "there is nothing else quite like it" (*People v Peque*, 22 NY3d at 196). Thus, the Court held that as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (*id.* at 176, 193, 197). The absence of that advisement does not, in itself, render a plea of guilty not knowing and voluntary. Instead, a

defendant seeking to vacate a plea based on the defect must establish that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (*id.* at 176, 198). The defendant should be given an opportunity on remittal to make a motion to vacate the plea. On that motion, the defendant may seek to establish the existence of the requisite "reasonable probability" that he or she would not have pleaded guilty had the court mentioned deportation consequences (*id.* at 198 n 11).

Here, inasmuch as the record does not demonstrate either that the County Court mentioned, or that the defendant was otherwise aware of, the possibility of deportation, the defendant's claim is not subject to the requirement of preservation (*see id.* at 182-183; *People v Louree*, 8 NY3d 541, 546 [2007]). Moreover, in light of the court's failure, we remit the matter to the County Court to afford the defendant an opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation. If the defendant makes the requisite showing, the plea should be vacated (*see People v Peque*, 22 NY3d at 200-201).

We do not address the defendant's remaining contention. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.