■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVENDRA SINGH, Appellant. [992 NYS2d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mullings, J.), rendered April 26, 2012, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant executed a waiver of indictment in 2004 and was charged by superior court information. He pleaded guilty to criminal possession of a weapon in the second degree. In 2011, this Court reversed the judgment of conviction and vacated the defendant's plea of guilty (*see People v Singh*, 90 AD3d 1079 [2011]). In 2012, the defendant again pleaded guilty to criminal possession of a weapon in the second degree. On appeal, the defendant asserts that his plea of guilty was invalid because, in 2012, his waiver of his right to be prosecuted by grand jury indictment was not knowingly, voluntarily, and intelligently made.

The defendant's 2004 waiver of indictment was valid (*see* CPL 195.10, 195.20; *People v Cohen*, 47 AD3d 828, 828 [2008];

*People v Decclesis*, 18 AD3d 882, 882 [2005]; *People v Gonzalez*, 299 AD2d 581 [2002]). The waiver was not invalidated by the reversal of the original judgment of conviction and the vacatur of his plea of guilty, as the original judgment was reversed for reasons unrelated to the validity of the waiver of indictment (*see People v Cohen*, 47 AD3d at 828; *People v Rivera*, 24 AD3d 367, 371 [2005]; *People v Schultz*, 258 AD2d 879, 880 [1999]). When the defendant's original judgment of conviction was vacated, the superior court information was reinstated (*see People v Cohen*, 47 AD3d at 828; *People v Rivera*, 24 AD3d at 371; *People v Schultz*, 258 AD2d at 880). Therefore, in 2012, the defendant pleaded guilty to the charge in the original superior court information, pursuant to the original waiver of indictment (*see People v Cohen*, 47 AD3d at 828). Accordingly, the defendant's contention that his plea of guilty was invalid because, in 2012, his waiver of his right to be prosecuted by grand jury indictment was not knowingly, voluntarily, and intelligently made, is without merit. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.