■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEH AL-MUWALLAD, Appellant. [995 NYS2d 199]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered July 8, 2010, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

The defendant contends that his plea of guilty was not knowingly and voluntarily entered because the record of the plea proceeding demonstrated that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea. In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (*id.* at 176, 193, 197). A defendant seeking to vacate a plea based on this defect must establish that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (*id.* at 176, 198).

Here, inasmuch as the record does not demonstrate either that the Supreme Court mentioned, or that the defendant was otherwise aware of, the possibility of deportation, the defendant's claim is not subject to the requirement of preservation (*see id.* at 182-183; *People v Louree*, 8 NY3d 541, 546 [2007]). In light of the court's failure in this regard, we must remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea. On that motion, the defendant may seek to establish that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*see People v Charles*, 117 AD3d 1073 [2014]). If the defendant makes the requisite showing, the plea should be vacated (*see People v Peque* 22 NY3d at 200-201; *People v Charles*, 117 AD3d at 1074), and the Supreme Court should include that determination in its report. If the defendant fails to make the requisite showing, the Supreme Court should deny the motion and include that determination in its report.

We do not address the defendant's remaining contentions. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.