People v Fermin (2014 NY Slip Op 08554)





People v Fermin


2014 NY Slip Op 08554


Decided on December 9, 2014


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2014

Gonzalez, P.J., Mazzarelli, Andrias, DeGrasse, Clark, JJ.


13314 6788N/05

[*1] The People of the State of New York, Respondent,
v
Cesar Fermin, Defendant-Appellant.


Lucas E. Andino, New York, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Appeal from judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 21, 2006, convicting defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree, and sentencing him to a term of 60 days, held in abeyance, and the matter remitted for further proceedings in accordance herewith.
For the reasons stated in People v Brazil (__AD3d__, Appeal No. 12461 [decided herewith]), we find that People v Peque (22 NY3d 168 [2013], cert denied US, 135 S Ct 90 [2014]) applies retroactively to cases pending on direct appeal.
When defendant pleaded guilty, the court did not warn him that if he was not a citizen, he could be deported as a result of his plea. Therefore, under Peque, defendant should be afforded the opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (Peque, 22 NY3d at 198).
Accordingly, we remit for the remedy set forth in Peque (22 NY3d at 200-201), and we hold the appeal in abeyance for that
purpose (see People v Charles, 117 AD3d 1073 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 9, 2014
CLERK