THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY ODLE, Appellant. [21 NYS3d 727]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 24, 2013, convicting him of criminal sale of a firearm in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

Relying upon *People v Peque* (22 NY3d 168 [2013]) the defendant contends that his plea of guilty was not knowing and voluntary because the plea record demonstrates that the court never advised him of the possibility that he would be deported as a consequence of his plea. In *Peque,* the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (*id.* at 193). A defendant seeking to vacate a plea based on this defect must establish that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (*id.* at 176, 198).

As a threshold matter, we disagree with the People's contention that *Peque* should only apply prospectively. Inasmuch as *Peque,* decided after the defendant's plea, involved federal constitutional principles, it must be applied to this direct appeal (*see People v Llibre,* 125 AD3d 422, 424 [2015]; *People v Manon,* 123 AD3d 467 [2014]; *People v Brazil,* 123 AD3d 466

[2014]; *cf. People v Martello*, 93 NY2d 645, 650 [1999]; *People v Pena*, 132 AD3d 910 [2015]). Contrary to the People's contention, the record does not demonstrate either that the Supreme Court mentioned, or that the defendant was otherwise aware of, the possibility of deportation. Therefore, the defendant's claim is not subject to the requirement of preservation (*see People v Peque*, 22 NY3d at 182-183; *People v Louree*, 8 NY3d 541, 546 [2007]; *People v Charles*, 117 AD3d 1073, 1074 [2014]).

Under the circumstances of this case, we deem it appropriate to remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and upon such motion, the defendant will have the burden of establishing at a hearing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*People v Peque*, 22 NY3d at 176; *see People v Charles*, 117 AD3d at 1073). In its report to this Court, the Supreme Court shall state whether the defendant made a motion to withdraw his plea, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing. Leventhal, J.P., Chambers, Sgroi and Cohen, JJ., concur.