■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY JEAN-JOSEPH, Appellant. [23 NYS3d 585]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Walsh, J.), rendered November 13, 2012, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Motion by the People to dismiss the appeal on the ground that the defendant has been deported and is no longer available to obey the mandate of the Court. By decision and order on motion of this Court dated July 9, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the motion is denied; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

Under the circumstances of this case, we deny the People's motion to dismiss the instant appeal (*see People v Ventura*, 17 NY3d 675, 678 [2011]; *People v Jones*, 104 AD3d 957 [2013]; *cf. People v Harrison*, 115 AD3d 980 [2014], *lv granted* 24 NY3d 1084 [2014]; *People v Serrano*, 45 Misc 3d 69 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014], *lv granted* 25 NY3d 953 [2015]).

Inasmuch as the plea record demonstrates that the Supreme Court failed to advise the defendant of the possibility that he would be deported as a consequence of his plea, we remit the

matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea upon a showing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*People v Peque*, 22 NY3d 168, 176, 198 [2013]; *see People v Al-Muwallad*, 121 AD3d 1123, 1124 [2014]; *People v Charles*, 117 AD3d 1073, 1074 [2014]). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.