■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSONE DENNIS, Appellant. [30 NYS3d 893]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Spergel, J.), rendered May 9, 2014, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Nassau County, shall file its report with all convenient speed.

The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent because the record demonstrates that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea.

In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the guilty plea (*id.* at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty

and would instead have gone to trial had the court warned of the possibility of deportation (*id*. at 176).

Here, as the People correctly concede, the record does not demonstrate that the Supreme Court mentioned the possibility of deportation as a consequence of the defendant's plea. Under the circumstances of this case, we remit the matter to the Supreme Court, Nassau County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (*see People v Odle*, 134 AD3d 1132, 1133 [2015]), and upon such motion, the defendant will have the burden of establishing at a hearing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*People v Peque*, 22 NY3d at 176; *see People v Odle*, 134 AD3d at 1133; *People v Al-Muwallad*, 121 AD3d 1123, 1124 [2014]; *People v Charles*, 117 AD3d 1073, 1073-1074 [2014]). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his guilty plea, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing (*see People v Odle*, 134 AD3d at 1133). Rivera, J.P., Austin, Roman and Cohen, JJ., concur.