The People of the State of New York, Respondent,
against
Marcos Gonzalez, Appellant.



Appeal from a judgment of the District Court of Suffolk County, First District (Jennifer A. Henry, J.), rendered August 6, 2014. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree.




ORDERED that the matter is remitted to the District Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending receipt of the District Court's report. The District Court shall file its report with all convenient speed.
On July 12, 2014, the People charged defendant, in a felony complaint, with assault in the second degree (Penal Law § 120.05 [1]), alleging that, on that date, with the intent to cause serious physical injury to the victim, defendant bit off the victim's left eyebrow causing "permanent disfigurement."
On August 6, 2014, defendant appeared with counsel before the District Court (Jennifer A. Henry, J.), whereupon, pursuant to a negotiated plea and sentencing agreement, the felony charge was reduced (see CPL 180.50) to assault in the third degree (Penal Law § 120.00 [1], a class A misdemeanor), and defendant pleaded guilty to the charge, as reduced (admitting, among other things, that he had intentionally bit the victim thereby inflicting physical injury) and was sentenced to a term of incarceration. There is no dispute that defendant is not a United States citizen and that, in the course of the plea colloquy, neither the court, defense counsel, nor defendant made any reference to the possibility that the judgment of conviction could result in defendant's deportation (see 8 USC § 1227 [a] [2] [a] [i]; Guevara v Holder, 533 Fed Appx 23, 26-27 [2d Cir 2013]; Mustafaj v Holder, 369 Fed Appx 163, 166 [2d Cir 2010]; In Re Solon, 24 I & N Dec. 239 [BIA 2007]), and there is no indication that defendant was aware of this possibility (cf. People v Stewart, 142 AD3d 629 [2016]). In People v Peque (22 NY3d 168 [2013]), the Court of Appeals clarified that, in cases involving guilty pleas to felonies, due process may require that defendants be informed of potential deportation consequences of their pleas, but expressly reserved the question as to whether that rule applies to misdemeanor pleas (id. at 197, n 9), such as involved herein. Nevertheless, here, as in People v Martial (50 Misc 3d 131[A], 2015 NY Slip Op 51932[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), we conclude that justice is best served by remitting the matter to the District Court "to afford the defendant an opportunity to move to vacate his plea" where defendant "will have the burden of [*2]establishing . . . that there is a reasonable probability' that he [or she] would not have pleaded guilty" had he been properly so advised (People v Odle, 134 AD3d 1132, 1133 [2015], quoting People v Peque, 22 NY3d at 176; see e.g. People v Dennis, 140 AD3d 789, 790 [2016]; People v Jean-Joseph, 135 AD3d 959 [2016]; People v Traverso, 132 AD3d 1367 [2015]; People v Charles, 117 AD3d 1073, 1074 [2014]).
Accordingly, the matter is remitted to the District Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending receipt of the District Court's report. The District Court shall file its report with all convenient speed.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: January 24, 2017