◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVENDRA SINGH, Appellant. [47 NYS3d 437]—

Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate

counsel, a decision and order of this Court dated September 17, 2014 (*see People v Singh*, 120 AD3d 1360 [2014]), affirming a judgment of the Supreme Court, Queens County, rendered April 26, 2012. By decision and order on motion of this Court dated March 24, 2016, the application was held in abeyance and the appellant was granted leave to serve and file a brief on the issue of whether appellate counsel was ineffective for failing to raise the issue of whether the appellant was properly advised of the deportation consequences of his plea of guilty pursuant to *People v Peque* (22 NY3d 168 [2013]). The parties have now filed their respective briefs.

Ordered that the application is granted, and the decision and order of this Court dated September 17, 2014, is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent because the record demonstrates that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea. In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals held that, as a matter of fundamental fairness, due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (*see id.* at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a reasonable probability that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (*see id.* at 176).

Here, the record does not demonstrate that the Supreme Court mentioned the possibility of deportation as a consequence of the defendant's plea. Under the circumstances of this case, we remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (*see People v Dennis*, 140 AD3d 789, 790 [2016]; *People v Odle*, 134 AD3d 1132, 1133 [2015]), and upon such motion, the defendant will have the burden of establishing at a hearing that there is a reasonable probability that he would not have pleaded guilty had the court

advised him of the possibility of deportation (*see People v Peque*, 22 NY3d at 176; *People v Dennis*, 140 AD3d at 790; *People v Odle*, 134 AD3d at 1133). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his plea of guilty, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing (*see People v Dennis*, 140 AD3d at 790; *People v Odle*, 134 AD3d at 1133). Leventhal, J.P., Austin, Hinds-Radix and Duffy, JJ., concur.