■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN AGRAMONTE, Appellant. [49 NYS3d 705]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered March 11, 2010, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Westchester County, shall file its report with all convenient speed.

The defendant contends that his plea of guilty was not knowing and voluntary because the record demonstrates that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea.

In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (*id.* at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (*id.* at 176).

Here, the record does not demonstrate that the Supreme Court mentioned the possibility of deportation as a consequence of the defendant's plea. Under the circumstances of this case,

we remit the matter to the Supreme Court, Westchester County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (*see People v Dennis*, 140 AD3d 789, 790 [2016]; *People v Odle*, 134 AD3d 1132, 1133 [2015]), and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*People v Peque*, 22 NY3d at 176; *see People v Dennis*, 140 AD3d at 790; *People v Odle*, 134 AD3d at 1133; *People v Al-Muwallad*, 121 AD3d 1123, 1124 [2014]; *People v Charles*, 117 AD3d 1073, 1073-1074 [2014]). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his plea of guilty, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing (*see People v Odle*, 134 AD3d at 1133).

We do not address the defendant's remaining contention. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.