■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO LOPEZ-ALVARADO, Appellant. [52 NYS3d 418]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered October 25, 2013, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion, and the appeal is held in abeyance in the interim. The County Court, Suffolk County, shall file its report with all convenient speed.

The defendant contends that his plea of guilty was not knowing, voluntary, and intelligent because the record demonstrates that the County Court did not sufficiently advise him that he may be deported as a consequence of his plea.

In *People v Peque* (22 NY3d 168 [2013]), the Court of Appeals held that, as part of its independent obligation to ascertain whether a defendant is pleading guilty voluntarily, a trial court must alert a noncitizen defendant that he or she may be deported as a consequence of the plea of guilty (*see id.* at 193). Although no particular litany is required, "[t]he trial court must provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (*id.* at 197).

Here, we agree with the defendant that the County Court did not provide him with such a statement on the record. However, contrary to the defendant's contention, he is not entitled to reversal of the judgment of conviction at this juncture. In order to withdraw or obtain vacatur of a plea based upon a *Peque* error, "a defendant must show that there is a reasonable probability that he or she would not have pleaded guilty and would have gone to trial had the trial court informed the defendant of potential deportation" (*id.* at 198). Accordingly, we remit the matter to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the County Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and upon such motion, the

defendant shall have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (*id.* at 176; *see People v Dennis*, 140 AD3d 789, 790 [2016]; *People v Odle*, 134 AD3d 1132, 1133 [2015]; *People v Al-Muwallad*, 121 AD3d 1123, 1124 [2014]). In its report to this Court, the County Court shall state whether the defendant moved to vacate his plea of guilty, and if so, shall include its findings as to whether the defendant has made the requisite showing to entitle him to vacatur of the plea (*see People v Peque*, 22 NY3d at 200-201; *People v Al-Muwallad*, 121 AD3d at 1124; *People v Charles*, 117 AD3d 1073, 1074 [2014]). Balkin, J.P., Chambers, Miller and Brathwaite Nelson, JJ., concur.

Motion by the respondent to strike the appellant's brief and, in effect, portions of the record filed by the appellant on an appeal from a judgment of the County Court, Suffolk County, rendered October 25, 2013, on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated June 10, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the respondent's motion is granted to the extent that pages 1 through 52 and pages 75 through 90 of the record filed by the appellant are stricken, those portions of the appellant's brief which refer to that material are stricken, and those pages of the record and those portions of the brief have not been considered; and it is further,

Ordered that the respondent's motion is otherwise denied.