The People of the State of New York, Respondent, 
against
Jose Bello, Appellant.




New York City Legal Aid Society (Margaret Teich, Esq.), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Samantha Alessi, of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Tandra L. Dawson, J.), rendered February 17, 2014. The judgment convicted defendant, upon his plea of guilty, of theft of services.




ORDERED that the matter is remitted to the Criminal Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his plea in accordance herewith, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the Criminal Court's report, which shall be filed with all convenient speed.
Defendant pleaded guilty to theft of services (Penal Law § 165.15 [3]), the only offense charged. On appeal, defendant contends that the accusatory instrument was facially insufficient and, relying upon People v Peque (22 NY3d 168 [2013]), that his plea of guilty was not knowing and voluntary because the Criminal Court had failed to inform him, during the course of the plea colloquy, of the possible immigration consequences of his guilty plea.
At the outset, we note that defendant's contention concerning the accusatory instrument's facial sufficiency is jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant's claim was not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed in spite of his failure to raise it in the Criminal Court (see Alejandro, 70 NY2d 133). Furthermore, since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the sufficiency of an information as set forth in CPL 100.40 (1) (see People v Hatton, 26 NY3d 364, 368 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]). Courts reviewing accusatory instruments for facial sufficiency [*2]should give the instrument "a fair and not overly restrictive or technical reading," and they are facially sufficient "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (People v Casey, 95 NY2d 354, 360 [2000]). 
Here, the accusatory instrument and the supporting deposition of the arresting police officer, who was assigned to the transit task force and is a legal custodian of the New York City Transit Authority, alleged that defendant was observed entering a subway station beyond the turnstiles, which is an area enclosed by the turnstiles and gates in a manner designed to exclude those who do not pay the required fare, by walking through an exit gate without paying the lawful fare, and that defendant did not have permission or authority to enter or remain in the subway station without paying that fare. Giving these allegations "a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360), and "drawing reasonable inferences from all the facts set forth in the accusatory instrument" and supporting deposition (People v Jackson, 18 NY3d 738, 747 [2012]), we find that they were sufficient, for pleading purposes, to meet the prima facie requirement of an information charging the offense of theft of services (see Penal Law § 165.15 [3]; People v Pin, 41 Misc 3d 128[A], 2013 NY Slip Op 51681[U] [App Term, 1st Dept 2013]; People v Adam O., 45 Misc 3d 48 [App Term, 1st Dept 2014]). Contrary to defendant's contention, as a matter of common sense and reasonable pleading, the allegations were sufficient to establish that defendant had entered the subway station unlawfully without remitting the requisite payment or otherwise having a right to enter (see People v Barlow, 46 Misc 3d 148[A], 2015 NY Slip Op 50237[U] [App Term, 1st Dept 2015]; People v Thompson, 43 Misc 3d 137[A], 2014 NY Slip Op 50708[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). An accusatory instrument need not negate all possible defenses or make assertions responsive to every interpretation of facts potentially favorable to the defendant (see Hatton, 26 NY3d at 371 n 2; People v Guaman, 22 NY3d 678, 681-682 [2014]; Casey, 95 NY2d at 360).
With regard to defendant's second contention on appeal, in Peque, the Court of Appeals determined that, in regard to felonies, "deportation is a plea consequence of such tremendous importance, grave impact and frequent occurrence that a defendant is entitled to notice that it may ensue from a plea" (22 NY3d at 176) and, consequently, that "it must be mentioned by the trial court to a defendant as a matter of fundamental fairness" (id. at 193). A defendant seeking to vacate a plea based on this defect must establish that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (id. at 176; see People v Odle, 134 AD3d 1132 [2015]). Here, notwithstanding that the Court of Appeals has not determined whether Peque applies to misdemeanor pleas, as conceded by the People, the record does not demonstrate either that the Criminal Court mentioned, or that defendant was otherwise aware of, the possibility of deportation as a consequence of his guilty plea to the misdemeanor crime of theft of services. Thus, we find that the court did not fulfill its obligation during the plea colloquy to apprise defendant of the immigration consequences of his plea and, as a result, it cannot be said with certainty that the plea was entered into knowingly, intelligently and voluntarily (see People v Gonzalez, 54 Misc 3d 139[A], 2017 NY Slip Op 50152[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Moreover, defendant's present claim falls within the narrow [*3]exception to the preservation doctrine since he had no opportunity to withdraw or move to vacate his plea (see Peque, 22 NY3d at 183; People v Louree, 8 NY3d 541 [2007]; People v Lopez, 71 NY2d 662 [1988]).
Thus, under the circumstances of this case, we deem it appropriate to hold the appeal in abeyance and to remit the matter to the Criminal Court to afford defendant an opportunity to move to vacate his plea, and for a report by the Criminal Court thereafter (see Odle, 134 AD3d at 1133; Gonzalez, 54 Misc 3d 139[A], 2017 NY Slip Op 50152[U]; Martial, 50 Misc 3d 131[A], 2015 NY Slip Op 51932[U]). Any such motion shall be made by defendant within 90 days after the date of this decision and order, and, upon such motion, defendant will have the burden of establishing at a hearing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (Peque, 22 NY3d at 176). In its report to this court, the Criminal Court should state whether defendant made a motion to withdraw his plea, and, if so, set forth its finding as to whether defendant made the requisite showing of prejudice (see Odle, 134 AD3d at 1133).
Pesce, P.J., Weston and Aliotta, JJ., concur.
Decision Date: June 02, 2017