People v Cole (2018 NY Slip Op 01612)





People v Cole


2018 NY Slip Op 01612


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2015-00257
2015-01344

[*1]The People of the State of New York, respondent,
v
Compton Cole, appellant. (Ind. Nos. 9180/13, 9631/13)


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew J. D'Emic, J.), both rendered April 28, 2014, convicting him of criminal contempt in the first degree under Indictment No. 9180/13 and criminal contempt in the first degree under Indictment No. 9631/13, upon his pleas of guilty, and imposing sentences.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty in accordance herewith, and for a report on any such motion, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
In People v Peque (22 NY3d 168), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (id. at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (id. at 176).
Here, the record does not demonstrate that the Supreme Court apprised the defendant of the possibility of deportation as a consequence of the defendant's pleas. Accordingly, we remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (see People v Lopez-Alvarado, 149 AD3d 981; People v Agramonte, 148 AD3d 923, 924; People v Dennis, 140 AD3d 789, 790; People v Odle, 134 AD3d 1132, 1133), and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Agramonte, 148 AD3d at 924; People v Dennis, 140 AD3d at 790; People v Odle, 134 AD3d at 1133; People v Al-Muwallad, 121 AD3d 1123, 1124; People v Charles, 117 AD3d 1073, 1073-1074). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his pleas of guilty, and if so, shall set forth its finding as to whether the [*2]defendant made the requisite showing or failed to make the requisite showing (see People v Peque, 22 NY3d at 200-201; People v Lopez-Alvarado, 149 AD3d at 982).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court