People v Tull (2018 NY Slip Op 01735)





People v Tull


2018 NY Slip Op 01735


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CARNI, NEMOYER, AND CURRAN, JJ.


203 KA 14-01444

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOEL A. TULL, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LAW OFFICE OF MATTHEW BOROWSKI, BUFFALO (MATTHEW BOROWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered May 22, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of marihuana in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from two judgments convicting him, upon his pleas of guilty, of criminal possession of marihuana in the second degree (Penal Law § 221.25) and criminal sale of marihuana in the first degree (§ 221.55), respectively. In both appeals, we reject defendant's contention that his guilty pleas were involuntary because County Court did not advise him that he may be deported as a consequence thereof (see generally People v Peque, 22 NY3d 168, 193 [2013]). In Peque, "the Court of Appeals held that, as part of its independent obligation to ascertain whether a defendant is pleading guilty voluntarily, a trial court must alert a noncitizen defendant that he or she may be deported as a consequence of the plea of guilty" (People v Lopez-Alvarado, 149 AD3d 981, 981 [2d Dept 2017] [emphasis added]). During the plea colloquy in this case, however, defense counsel told the court that defendant was a citizen of the United States. Defense counsel's statement to the court was binding upon defendant (see generally People v Brown, 98 NY2d 226, 232-233 [2002]; People v Sacco, 199 AD2d 288, 288 [2d Dept 1993], lv dismissed 82 NY2d 853 [1993], lv denied 84 NY2d 832 [1994], reconsideration denied 84 NY2d 939 [1994]). Thus, defendant is not entitled to relief under Peque (see People v Brazil, 123 AD3d 466, 467 [1st Dept 2014], lv denied 25 NY3d 1198 [2015]).
People v Palmer (— AD3d — [Feb. 1, 2018] [1st Dept 2018]) is distinguishable. In that case, the defendant had well-documented mental health issues that called into question the reliability of his claim to United States citizenship. No such mental health concerns are present in this case. Moreover, unlike in Palmer, nothing in this record casts doubt on the accuracy of defense counsel's statement concerning defendant's citizenship. Indeed, the only other mention of defendant's citizenship status in the record is an arrest report wherein defendant is described as a citizen of the United States.
Finally, defendant's contention in both appeals that he was denied effective assistance of counsel is based on matters outside the record and must therefore be raised in a motion pursuant to CPL article 440 (see People v Pastor, 28 NY3d 1089, 1091 [2016]; People v Haffiz, 19 NY3d 883, 885 [2012]).
Entered: March 16, 2018Mark W. Bennett
Clerk of the Court