People v Agramonte (2018 NY Slip Op 03136)





People v Agramonte


2018 NY Slip Op 03136


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2011-02795
 (Ind. No. 05-00760)

[*1]The People of the State of New York, respondent,
v
Juan Agramonte, appellant.


B. Alan Seidler, New York, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John M. Collins, Laurie Sapakoff, and Richard Longworth Hecht of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Richard A. Molea, J.), rendered March 11, 2010, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated March 15, 2017, the matter was remitted to the Supreme Court, Westchester County, to afford the defendant an opportunity to move to vacate his plea of guilty in accordance therewith, and for a report on any such motion. The appeal was held in abeyance in the interim (see People v Agramonte, 148 AD3d 923). The Supreme Court, Westchester County (Barry E. Warhit, J.), has now filed its report.
ORDERED that the judgment is affirmed.
The defendant contended that his plea of guilty was not knowingly and voluntarily entered because the record of the plea proceeding demonstrated that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea. In a prior decision and order, this Court remitted the matter to the Supreme Court, Westchester County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter (see People v Agramonte, 148 AD3d 923). We noted that "[a] defendant seeking to vacate a plea based on this defect must demonstrate that there is a reasonable probability' that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation" (id. at 923, quoting People v Peque, 22 NY3d 168, 176). In its report, the Supreme Court found that the defendant failed to meet this burden. The Supreme Court's finding was supported by the record and will not be disturbed.
The defendant further asserted that he was deprived of the effective assistance of counsel because his attorney failed to advise him of the immigration consequences of his plea in accordance with Padilla v Kentucky (559 US 356). The facts relevant to this claim, however, do not appear on the record. A motion pursuant to CPL 440.10 is the appropriate forum for reviewing any such claim which relates to matters not on the record (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d at 202; People v Haffiz, 19 NY3d 883, 885; People v Sanchez, 152 AD3d 548; People v Fernandez, 148 AD3d 1052, 1053; People v Drammeh, 100 AD3d 650, 651).
RIVERA, J.P., AUSTIN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court