People v Griffith (2019 NY Slip Op 00141)





People v Griffith


2019 NY Slip Op 00141


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2009-11768
 (Ind. No. 5090/07)

[*1]The People of the State of New York, respondent,
v
Winston Griffith, appellant.


Janet E. Sabel, New York, NY (Kristina Schwarz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Daniel K. Chun, J.), rendered March 18, 2009, convicting him of criminal sale of a controlled substance in the second degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
In People v Peque (22 NY3d 168), the Court of Appeals held that, as part of a trial court's independent obligation to ascertain whether a defendant is pleading guilty voluntarily, the court must alert a noncitizen defendant, through a "short, straightforward statement on the record," that, if the defendant is not a United States citizen, "he or she may be deported on a guilty plea" (id. at 197). Here, the Supreme Court never mentioned the possibility of deportation.
In order to withdraw or obtain vacatur of a plea based upon a Peque error, "a defendant must show that there is a reasonable probability that he or she would not have pleaded guilty and would have gone to trial had the trial court informed the defendant of potential deportation" (id. at 198; see People v Montiel-Islas, 159 AD3d 1039, 1040; People v Lopez-Alvarado, 149 AD3d 981, 981-982). That issue is not determinable on this record. Accordingly, as both the defendant and the People request, we remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order, and, upon such motion, the defendant shall have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Montiel-Islas, 159 AD3d at 1040; People v Lopez-Alvarado, 149 AD3d at 981-982). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his plea of guilty, and if so, shall include its findings as to whether the defendant has made the requisite showing to entitle him to vacatur of the plea (see People v Peque, 22 NY3d at 200-201; People v Montiel-Islas, 159 AD3d at [*2]1040).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court