People v Hor (2019 NY Slip Op 00899)





People v Hor


2019 NY Slip Op 00899


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-02485
 (Ind. No. 2051/14)

[*1]The People of the State of New York, respondent,
v
Abdelhak El Hor, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered December 9, 2014, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea of guilty in accordance herewith, and for a report on any such motion, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
The defendant contends that he was denied the right to due process of law because the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea of guilty.
In People v Peque (22 NY3d 168), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (id. at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (id. at 176).
As the People correctly concede, the record does not demonstrate that the Supreme Court mentioned the possibility of deportation as a consequence of the defendant's plea of guilty. Under the circumstances of this case, we remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (see People v Cole, 159 AD3d 829, 830; People v Lopez-Alvarado, 149 AD3d 981) and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Cole, 159 AD3d at 830; People v Lopez-Alvarado, 149 AD3d 981, 982; People v Dennis, 140 AD3d 789, 790; People v Odle, 134 AD3d 1132, 1133). In its report to this Court, the Supreme Court shall state whether the [*2]defendant has now moved to vacate his plea of guilty, and if so, shall set forth its finding as to whether the defendant made the requisite showing or failed to make the requisite showing to entitle him to vacatur of the plea (see People v Lopez-Alvarado, 149 AD3d at 982; People v Odle, 134 AD3d at 1133).
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court