People v Kostyk (2019 NY Slip Op 02118)





People v Kostyk


2019 NY Slip Op 02118


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-06843
2014-06844

[*1]The People of the State of New York, respondent,
v
Roman Kostyk, appellant. (Ind. Nos. 7935/12, 10635/12)


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Matthew D'Emic, J.), both rendered August 8, 2013, convicting him of burglary in the second degree and criminal trespass in the second degree under Indictment No. 7935/12, and burglary in the second degree and criminal trespass in the second degree under Indictment No. 10635/12, upon his pleas of guilty, and imposing sentences.
ORDERED that the matter is remitted to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas of guilty in accordance herewith, and for a report on any such motion, and the appeals are held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.
In People v Peque (22 NY3d 168), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (id. at 193). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (id. at 176).
Here, the record does not demonstrate that the Supreme Court apprised the defendant of the possibility of deportation as a consequence of his pleas. Accordingly, we remit the matter to the Supreme Court, Kings County, to afford the defendant an opportunity to move to vacate his pleas, and for a report by the Supreme Court thereafter. Any such motion shall be made by the defendant within 60 days after the date of this decision and order (see People v Cole, 159 AD3d 829, 829-830; People v Lopez-Alvarado, 149 AD3d 981; People v Agramonte, 148 AD3d 923, 924; People v Dennis, 140 AD3d 789, 790; People v Odle, 134 AD3d 1132, 1133), and, upon such motion, the defendant will have the burden of establishing that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Agramonte, 148 AD3d at 924; People v Dennis, 140 AD3d at 790; People v Odle, 134 AD3d at 1133; People v Al-Muwallad, 121 AD3d 1123, 1124; People v Charles, 117 AD3d 1073, 1073-1074). In its report to this Court, the Supreme Court shall state whether the defendant moved to vacate his pleas of guilty, and if so, shall set forth its finding [*2]as to whether the defendant made the requisite showing or failed to make the requisite showing (see People v Peque, 22 NY3d at 200-201; People v Lopez-Alvarado, 149 AD3d at 982).
In light of the foregoing, we do not address the defendant's remaining contention at this juncture.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court