People v Mohamed (2019 NY Slip Op 02557)





People v Mohamed


2019 NY Slip Op 02557


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2014-05045
 (Ind. No. 10182/13)

[*1]The People of the State of New York, respondent,
v
Naseer Mohamed, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered August 13, 2013, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea in accordance herewith, and for a report thereafter on any such motion by the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.
In People v Peque (22 NY3d 168), the Court of Appeals held that, as a matter of "fundamental fairness," due process requires that a court apprise a noncitizen pleading guilty to a felony of the possibility of deportation as a consequence of the plea of guilty (id. at 193). "Mindful of the burden this rule imposes on busy and calendar-conscious trial courts, they are to be afforded considerable latitude in stating the requisite advice" (id. at 197). A defendant seeking to vacate a plea based on this defect must demonstrate that there is a "reasonable probability" that he or she would not have pleaded guilty and would instead have gone to trial had the court warned of the possibility of deportation (id. at 176).
In this case, the defendant contends, inter alia, that his plea of guilty was not knowing, voluntary, and intelligent because the record demonstrates that the Supreme Court never advised him of the possibility that he would be deported as a consequence of his plea. The People argue, among other things, that this contention is unpreserved for appellate review.
"When a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review" (People v Williams, 27 NY3d 212, 214). Accordingly, as relevant here, a defendant is generally required to preserve a contention that a court failed to advise him or her of the possibility of deportation as a consequence of pleading guilty (see People v Pastor, 28 NY3d 1089, 1090). However, a narrow exception to the preservation requirement exists "in rare cases where the defendant lacks a reasonable opportunity to object to a fundamental defect in the plea which is clear on the face of the record and to which the court's attention should have been instantly drawn,' such that the salutary purpose of the preservation rule is . . . not jeopardized'" (People v Williams, 27 NY3d at 214, quoting People v Lopez, 71 NY2d 662, [*2]666; see People v Peque, 22 NY3d at 182).
In this case, the exception applies. At the plea proceeding, the court merely asked defense counsel if he had discussed with the defendant the potential "immigration consequences" of pleading guilty. Defense counsel responded: "He is here on a Green Card. We have discussed the immigration consequences." Furthermore, the People's contention that the written appeal waiver form demonstrates that the defendant was aware of the possibility of deportation prior to the imposition of the sentence is without merit (cf. People v Stewart, 142 AD3d 629, 629). Inasmuch as the record does not demonstrate either that the Supreme Court mentioned, or that the defendant was otherwise aware of, the possibility of deportation, the defendant had "no practical ability" to object to the court's statement or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation (People v Peque, 22 NY3d at 182; see People v Al-Muwallad, 121 AD3d 1123, 1124; accord People v Montiel-Islas, 159 AD3d 1039, 1040; cf. People v Stewart, 142 AD3d at 629; People v Rodriguez, 115 AD3d 884, 884).
Accordingly, we remit the matter to the Supreme Court, Queens County, to afford the defendant an opportunity to move to vacate his plea. On that motion, the defendant may seek to establish that there is a "reasonable probability" that he would not have pleaded guilty had the court advised him of the possibility of deportation (People v Peque, 22 NY3d at 176; see People v Charles, 117 AD3d 1073). If the defendant makes the requisite showing, the plea should be vacated (see People v Peque, 22 NY3d at 200-201; People v Charles, 117 AD3d at 1074), and the Supreme Court should include that determination in its report. If the defendant fails to make the requisite showing, the court should deny the motion and include that determination in its report.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court