People v Taylor (2022 NY Slip Op 50449(U))

[*1]

People v Taylor (Fuquan)

2022 NY Slip Op 50449(U) [75 Misc 3d 132(A)]

Decided on May 19, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 19, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, HELEN VOUTSINAS,
JJ

2017-2002 W CR

The People of the State of New York,
Respondent,
against
Fuquan Taylor, Appellant. 

Thomas T. Keating, for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel),
for respondent.

Appeal from a judgment of the Justice Court of the Village of Dobbs Ferry, Westchester
County (Steven P. Grant, J.), rendered July 27, 2017. The judgment convicted defendant, upon
his plea of guilty, of harassment in the second degree, and imposed sentence. By decision and
order of this court dated February 20, 2020, the appeal was held in abeyance and the matter was
remitted to the Justice Court to afford defendant an opportunity to move to vacate his plea of
guilty, and for the Justice Court to report on any such motion (People v Taylor, 66 Misc 3d
149[A], 2020 NY Slip Op 50269[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]). The
Justice Court (David A. Koenigsberg, J.) has filed its report.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is
vacated, and the matter is remitted to the Justice Court for all further proceedings.
Defendant, a 17-year-old minor without a criminal record, was charged in an accusatory
instrument with harassment in the second degree (Penal Law § 240.26 [1]) for punching a
16-year-old minor on the right side of his face. On July 27, 2017, defendant pleaded guilty to this
charge and was sentenced to a one-year conditional discharge.
Defendant, who is not a citizen of the United States, filed a notice of appeal from the
judgment of conviction, arguing that his plea was infirm. " '[D]ue process compels a trial court to
apprise a defendant that, if the defendant is not an American citizen, he or she may be deported
as a consequence of a guilty plea' " (People v Delorbe, 35 NY3d 112, 115 [2020], quoting People v Peque, 22 NY3d 168, 176
[2013]). In light of the Justice Court's failure to inform defendant during the plea colloquy that he
could possibly be deported as a result of the plea (see Peque, 22 NY3d at 197), this court,
by decision and order dated February 20, 2020, remitted the matter to the Justice Court to afford
defendant the opportunity to move to vacate his guilty plea, and for the Justice Court to report on
any such motion (see People v Taylor, 66 Misc 3d 149[A], 2020 NY [*2]Slip Op 50269[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]). For his vacatur motion to succeed, defendant would have to present evidence to the court
that satisfied his burden of "establish[ing] the existence of a reasonable probability that, had the
court warned the defendant of the possibility of deportation, he . . . would have rejected the plea
and opted to go to trial" (Peque, 22 NY3d at 176; see People v Charles, 117 AD3d 1073 [2014]). 
Defendant made his motion and explained in his supporting affidavit that he moved to
Brooklyn from Jamaica when he was 11 years old, has not returned to Jamaica since and wishes
to remain in the United States. The Justice Court, in a report dated July 14, 2021, found "that
defendant has presented evidence sufficient to show that there was a reasonable probability that
had the court warned defendant of the possibility of deportation he would have rejected the plea
offer in this case and opted to go to trial." We agree. This evidence included the fact that, had
defendant, who pleaded guilty to the sole count of the accusatory instrument, instead elected to
go to trial and been convicted, "the [potential immigration] consequences would be the same
since he pleaded guilty as charged."
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, and the
matter is remitted to the Justice Court for all further proceedings.
GARGUILO, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 19, 2022