OPINION OF THE COURT
 

 Memorandum.
 

 Order of the Appellate Division affirmed.
 

 Defendant pleaded guilty to robbery in the third degree in 1949, and has long ago served the indefinite sentence then imposed. He is able to appeal by virtue of resentence obtained under the rule in
 
 People v Montgomery
 
 (24 NY2d 130). He offers a melange of arguments based on State and Federal cases in which guilty pleas have been set aside.
 

 His guilty plea falls within none of the several precedents relied upon. Defendant was represented by counsel at all times. He had had prior criminal court experience, including
 
 *804
 
 that of pleading guilty. In the several motions he has made in the nature of
 
 coram nobis
 
 he has been uniformly unsuccessful. The crime with which he was charged, robbery in the second degree, and the lesser crime of robbery in the third degree to which he pleaded guilty, consist of simple elements understandable for pleading purposes by laymen in every material way. At the time of the plea there was no assertion or intimation casting doubt on defendant’s guilt of the crime charged. Most novel and ironic is the contention, among others offered by defendant, that he was not advised in advance of pleading guilty that the 1949 conviction would provide a predicate for a more severe sentence if he ever would, as indeed he did, commit another felony, for which he was sentenced in 1954. The rules set forth in
 
 People v Nixon
 
 are applicable (21 NY2d 338, 350, 353-356, cert den 393 US 1067).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.