■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH DEPEYSTER, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County (Rotker, J.), imposed January 10, 1984, upon his conviction of assault in the first degree, upon his plea of guilty, the sentence being a term of imprisonment of 3 to 6 years, as a second felony offender.

Sentence affirmed.

Defendant contends that his 1973 felony conviction could not serve as a basis for sentencing him as a second felony offender because prior to the plea resulting in the original felony conviction he was not advised that he would thereafter be subject to enhanced punishment for a subsequent felony conviction. This contention is without merit.

Since defendant was fully informed at his 1973 plea allocution of the waiver of his constitutional rights, this prior conviction was the result of a knowing, voluntary and intelligent guilty plea and could properly serve as the basis for enhanced punishment *(see, People v Towles,* 110 AD2d 729; *People v Sargent,* 100 AD2d 978). As the Fourth Department has noted in this connection, the fact "[t]hat a defendant is subject to an enhanced sentence for a crime he may commit in the future is a collateral consequence of his plea and not the type of consequence about which he must be advised" *(People v Sirianni,* 89 AD2d 775; *see also, People v McGrath,* 43 NY2d 803, 804). Lazer, J. P., Thompson, O'Connor, Rubin and Kunzeman, JJ., concur.