■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO PINO, Appellant. [628 NYS2d 589] —Appeal by the defendant, as limited by his brief, from so much of a judgment of the County Court, Westchester County (Carey, J.), rendered February 11, 1993, as convicted him of grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposed sentence upon him as a second felony offender.

Ordered that the judgment is affirmed insofar as appealed from.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the third degree, and criminal possession of stolen property in the fourth degree, beyond a reasonable doubt. Further, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176

NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant was fully informed of and acknowledged that he fully understood at his 1976 plea allocution the waiver of his constitutional rights. Therefore, the defendant's prior conviction was the result of a knowing, voluntary, and intelligent guilty plea and could properly serve as the basis for enhanced punishment (see, People v Harris, 61 NY2d 9; People v Depeyster, 115 AD2d 613). Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.