■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL SANCHEZ-MARTINEZ, Appellant. [829 NYS2d 121]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 30, 2004, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenges to the validity of his plea of guilty (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Tinsley*, 32 AD3d 447 [2006]; *People v Ackridge*, 31 AD3d 654 [2006]). The rare case exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]) is inapplicable here because after the defendant made a statement allegedly negating his guilt, a further inquiry was conducted wherein the defendant admitted his guilt (*see People v Mead*, 27 AD3d 767, 767-768 [2006]).

In any event, the record demonstrates that the defendant's plea was entered knowingly, intelligently, and voluntarily (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez, supra*; *People v Harris*, 61 NY2d 9, 17). Contrary to the defendant's claims, his plea was not rendered invalid by the court's failure to advise him of the possible immigration consequences of his plea (*see People v Ford*, 86 NY2d 397, 403 [1995]; CPL 220.50 [7]), or that as a result of this conviction he might receive an enhanced sentence for a subsequent conviction (*see People v Outer*, 197 AD2d 543, 544 [1993]). Moreover, although the transcript of the plea proceedings is silent as to whether a sentence was promised, it is clear from the transcript of the sentencing proceedings that the plea was negotiated based on the court's promise of a specific sentence.

The defendant's remaining contention is unpreserved for appellate review (*see People v Latham*, 90 NY2d 795, 799 [1997]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.