■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL TAYLOR, Appellant. [874 NYS2d 531]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered February 21, 2007, convicting him of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first

degree, and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's plea was knowing, voluntary, and intelligent (*see People v Lopez*, 71 NY2d 662 [1988]; *People v Harris*, 61 NY2d 9, 17 [1983]; *People v Dixon*, 29 NY2d 55, 57 [1971]). Contrary to the defendant's contention, his plea was not rendered involuntary by the court's failure to advise him that as a consequence of this plea he may receive an enhanced sentence for any crime that he may commit in the future (*see People v McGrath*, 43 NY2d 803, 804 [1977]; *People v Sanchez-Martinez*, 35 AD3d 632, 633 [2006]; *People v Outer*, 197 AD2d 543, 544 [1993]; *People v Depeyster*, 115 AD2d 613 [1985]). Furthermore, his comments at sentencing did not call into question the voluntariness of his plea, and thus, the court was not required to inquire, sua sponte, into the validity of his plea, or to offer him an opportunity to withdraw his plea before imposing sentence (*see People v Conti*, 285 AD2d 557 [2001]; *People v Fontana*, 267 AD2d 398 [1999]).

The defendant was not denied the effective assistance of counsel simply because his attorney failed to make a motion to withdraw his plea, which was knowing, voluntary, and intelligent (*see People v Ford*, 44 AD3d 1070 [2007]; *People v Caple*, 279 AD2d 635 [2001]). Such a motion would have had "little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Brown*, 13 AD3d 548, 549 [2004]; *People v Abney*, 10 AD3d 617 [2004]; *People v Sosa*, 258 AD2d 312, 313 [1999]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.