■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN TAVERAS, Appellant. [997 NYS2d 490]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (R. Doyle, J., at plea; Toomey, J., at sentence), rendered July 16, 2012, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted, inter alia, for criminal sale of a controlled substance in the third degree. He pleaded guilty to attempted criminal sale of a controlled substance in the third degree in satisfaction of the indictment, and received a promised sentence.

During the plea proceeding, the County Court advised the defendant that "by taking this plea you may be subject to deportation." When asked if his attorney advised him of the "possibility" of deportation, the defendant replied "yes."

Prior to sentencing, the defendant obtained new counsel, who moved to withdraw the plea on the ground that his former counsel was ineffective for failing to advise him that he was subject to "automatic deportation" as a result of his conviction. The County Court denied the motion on the ground that the defendant was advised during the plea proceeding that his plea of guilty "may" have an effect on his immigration status, and when asked if his attorney advised him of the "possibility" of deportation, he answered "yes."

The County Court satisfied the due process requirements set forth in *People v Peque* (22 NY3d 168, 176 [2013]), that a defendant who is not an American citizen must be advised that "he or she may be deported as a consequence of a guilty plea to a felony." The statement that the defendant's conviction "may" subject him to deportation was not misleading, but rather, served "to put [the defendant] on notice that his guilty plea had potential immigration consequences, and provided an opportunity to pursue those consequences more fully with his attorney or with an immigration specialist" (*Zhang v United States,* 506 F3d 162, 169 [2d Cir 2007]).

With respect to whether the defendant received the effective assistance of counsel (*see Padilla v Kentucky,* 559 US 356, 367-369 [2010]), the defendant's claims are conclusory, and "predicated on hearsay matters and facts not found in the record on appeal" (*People v Haffiz,* 19 NY3d 883, 885 [2012]). Accordingly,

that claim "should be raised in a postconviction application under CPL article 440, where the basis of the claim may be fully developed" (*id.* at 885). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.