■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGES MARTIAL, Appellant. [2 NYS3d 591]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Apotheker, J.), rendered December 16, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant pleaded guilty to criminal possession of a controlled substance in the third degree after being informed by the County Court that he might be deported as a result of the plea and acknowledging that he had consulted with immigration counsel, who told him that he would not be deported immediately but that there was "a chance" of deportation.

"[D]ue process compels a trial court to apprise a defendant that, if the defendant is not an American citizen, he or she may be deported as a consequence of a guilty plea to a felony" (*People v Peque*, 22 NY3d 168, 176 [2013]). Here, the County Court clearly apprised the defendant that he might be deported as result of his plea of guilty. Thus, the court satisfied the requirements set forth by the Court of Appeals in *People v Peque* (*id.*).

Where a defendant's complaint about counsel is predicated on factors such as counsel's strategy, advice, or preparation, that do not appear on the face of the record, the defendant's claim must be raised by way of a CPL 440.10 motion (*see People v Peque*, 22 NY3d at 202; *People v Rodriguez*, 115 AD3d 884 [2014]). Here, as the record does not conclusively demonstrate whether defense counsel advised the defendant of the immigration consequences of his plea of guilty, the defendant's contention that his counsel was ineffective for failing to do so cannot be reviewed on direct appeal (*see People v Rodriguez*, 115 AD3d at 884). Rather, that contention has been reviewed on the defendant's appeal from the denial of his motion pursuant to CPL 440.10 (*see People v Martial*, 125 AD3d 689 [2014] [decided herewith]). Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.