■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MANUEL, Appellant. [38 NYS3d 551]—

Judgment, Supreme Court, New York County (Felice K. Shea, J.), rendered February 14, 1997, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's claim that his plea of guilty to a class D felony, under an indictment that originally contained a class A-II felony, violated the plea bargaining restrictions set forth in CPL 220.10 (5) (a) (i) is unpreserved, or forfeited by the plea (*see People v Vasquez*, 267 AD2d 118, 119 [1st Dept 1999], *lv denied* 95 NY2d 805 [2000]), and we decline to review it in the interest of justice. As an alternative holding, we reject the argument. The alleged failure to comply with the statute's directive does not pose any jurisdictional impediment to enforcement of the plea. Defendant pleaded guilty to a crime that was a proper lesser included offense for plea purposes, there was no violation of his right to be convicted only upon indictment, and he freely entered into this beneficial agree-

ment (*see People v Keizer*, 100 NY2d 114, 119 [2003]; *People v Foster*, 19 NY2d 150, 153 [1967]). Moreover, to the extent there was any statutory error, it was in defendant's favor (*see* CPL 470.15 [1]; *People v Acevedo*, 17 NY3d 297, 302-303 [2011]).

Defendant's argument that he was entitled to a lesser sentence based on an alleged off-the-record conditional promise of further leniency is moot because he has completed his sentence. To the extent he claims his plea was rendered involuntary by this unrecorded promise, which he asserts was alluded to on the record, that claim is unsupported by the existing, unexpanded record.

The court met its obligations under *People v Peque* (22 NY3d 168, 196-197 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]) by warning defendant that his plea might result in deportation. We find nothing in *Peque* that would require a plea court to ascertain whether a particular conviction carries mandatory deportation under federal law and advise a defendant accordingly.

Defendant's claim that his plea counsel was ineffective by failing to negotiate a plea with more favorable immigration consequences is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Although defendant made a CPL 440.10 motion, it did not encompass this claim, and in any event he did not obtain leave from this Court to appeal from the denial of the motion. Accordingly, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's claim that a more immigration-favorable plea might have been available is purely speculative (*see People v Olivero*, 130 AD3d 479, 480 [1st Dept 2015], *lv denied* 26 NY3d 1042 [2015]). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.