THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER FERNANDEZ, Appellant. [48 NYS3d 621]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk

County (Cohen, J.), rendered January 13, 2015, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to properly advise him of the immigration consequences of his plea of guilty is unpreserved for appellate review, as he failed to raise the issue or move to withdraw his plea despite indication on the record that he was aware of the immigration consequences of pleading guilty (*see People v Pastor*, 28 NY3d 1089 [2016]; *People v Peque*, 22 NY3d 168, 182-183 [2013]; *People v Stewart*, 142 AD3d 629 [2016]). In any event, that contention is without merit (*see People v Peque*, 22 NY3d at 197; *People v Egbunike*, 133 AD3d 776, 777 [2015]; *People v Martial*, 125 AD3d 688, 689 [2015]).

To the extent that the defendant raises a claim predicated on *Padilla v Kentucky* (559 US 356 [2010]), the record does not demonstrate whether defense counsel misadvised or failed to advise him about the possibility of deportation before he pleaded guilty. A motion pursuant to CPL 440.10 is the appropriate forum for reviewing any such claim which relates to matters not on the record (*see People v Pastor*, 28 NY3d 1089 [2016]; *People v Peque*, 22 NY3d at 202; *People v Drammeh*, 100 AD3d 650, 651 [2012]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.