■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN M. FREEMAN, Appellant. [52 NYS3d 340]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 25, 2013, convicting defendant, upon his plea of guilty, of criminal trespass in the second degree, and sentencing him to a conditional discharge for a period of one year, with 25 days of community service, unanimously affirmed.

Defendant's guilty plea to a misdemeanor charge not included in the misdemeanor indictment was not jurisdictionally defective. The constitutional restriction preventing the State from indicting a defendant on one felony and then ac-

cepting a plea to a different felony with no common factual or legal basis is inapplicable here, as defendant was charged with, and pleaded guilty to, misdemeanors (*see People v Keizer*, 100 NY2d 114, 119 [2003]).

Defendant's argument that his plea to a class A misdemeanor to satisfy an indictment also charging a class A misdemeanor was invalid under CPL 220.10 (3), which provides that a defendant "may . . . enter a plea of guilty of a lesser included offense," is unpreserved (*see People v Manuel*, 143 AD3d 473 [1st Dept 2016], *lv denied* 28 NY3d 1147 [2017]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Defendant concedes he wanted to avoid the significant stigma of a conviction on the initial class A misdemeanor charge, an animal cruelty charge, and therefore pleaded guilty to second-degree trespass, also a class A misdemeanor, even though there was no common factual or legal predicate for that charge. Hence, "to the extent there was any statutory error [under CPL 220.10 (3)], it was in defendant's favor" (*People v Manuel*, 143 AD3d at 474).

Furthermore, even if we were to conclude that defendant is entitled to vacatur of his plea, he expressly declines that remedy, requesting instead an outright dismissal, which we find unwarranted, given defendant's conduct in the underlying incident. Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.