■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GUSTAVO-CANO, Appellant. [50 NYS3d 882]—Appeal by the

defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered March 18, 2015, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to inform him of the immigration consequences of his plea of guilty is unpreserved for appellate review (*see People v Peque*, 22 NY3d 168, 183 [2013]; *People v Stewart*, 142 AD3d 629, 629 [2016]; *People v Egbunike*, 133 AD3d 776, 777 [2015]; *People v DiPietro*, 115 AD3d 977 [2014]). In any event, the record reveals that the court advised the defendant of the possibility that he might be deported as a result of his plea of guilty (*see People v Martial*, 125 AD3d 688, 689 [2015]; *People v Taveras*, 123 AD3d 745, 745 [2014]; *People v DiPietro*, 115 AD3d at 977).

Inasmuch as the record does not conclusively demonstrate whether the defendant's counsel advised him of the immigration consequences of his plea of guilty, the defendant's contention that his counsel was ineffective for failing to do so cannot be resolved without reference to matter outside the record. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's ineffective assistance of counsel claim in its entirety (*see People v Taveras*, 123 AD3d at 745-746; *People v Rodriguez*, 115 AD3d 884 [2014]; *People v Drammeh*, 100 AD3d 650, 651 [2012]). Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.