■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSA JIMENEZ, Appellant. [52 NYS3d 717]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J. at plea; Marcy L. Kahn, J. at sentencing), rendered May 13, 2015, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing her to three years' probation, unanimously affirmed.

Defendant's contention that the plea court failed to advise her of the true immigration consequences of her plea is unpreserved (*see People v Peque*, 22 NY3d 168, 182-183 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court met its obligation under *Peque* (*see id.* at 196-197) by warning defendant that there was "a good likelihood" that she "could" be deported, since *Peque* does not "require a plea court to ascertain whether a particular conviction carries mandatory deportation under federal law and advise a defendant accordingly" (*People v Manuel*, 143 AD3d 473, 474 [1st Dept 2016], *lv denied* 28 NY3d 1147 [2017]). In any event, even where deportation is legally mandatory, as a practical matter it still requires the immigration authorities to take the necessary actions, and thus the deportation consequences of defendant's plea could fairly be characterized as likely rather than absolutely certain. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.