THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX M. SANCHEZ, Appellant. [58 NYS3d 132]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Efman, J.), rendered January 19, 2016, convicting him of forgery in the second degree (two counts) and identity theft in the first degree (two counts) under indictment No. 1946/13, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered January 19, 2016, convicting him of criminal possession of stolen property in the third degree (seven counts), unauthorized use of a motor vehicle in the third degree (six counts), criminal possession of a forged instrument in the second degree (four counts), and unlawful possession of personal identification information in the third degree (three counts), under indictment No. 2229/13, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that he was deprived of the effective assistance of counsel because his attorney failed to advise him of the immigration consequences of his plea in accordance with *Padilla v Kentucky* (559 US 356 [2010]). The record, however, does not demonstrate whether defense counsel misadvised or failed to advise him about the possibility of deportation. A motion pursuant to CPL 440.10 is the appropriate forum for reviewing any such claim which relates to matters not on the record (*see People v Pastor*, 28 NY3d 1089, 1091 [2016]; *People v Peque*, 22 NY3d 168, 202 [2013]; *People v Haffiz*, 19 NY3d 883, 885 [2012]; *People v Fernandez*, 148 AD3d 1052 [2017]; *People v Drammeh*, 100 AD3d 650, 651 [2012]).

To the extent that the defendant contends that the County Court failed to properly advise him of the immigration consequences of his plea of guilty, this contention is unpreserved for appellate review, as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that there could be immigration consequences to pleading guilty (*see People v Pastor*, 28 NY3d at 1091; *People v Fernandez*, 148 AD3d at 1052; *People v Stewart*, 142 AD3d 629 [2016]). In any event, that contention is without merit, as the court adequately advised the defendant that his pleas of guilty to felonies could expose him to deportation (*see People v Peque*, 22 NY3d at 197). Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.