People v Alexander (2018 NY Slip Op 02190)





People v Alexander


2018 NY Slip Op 02190


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-06794
 (Ind. No. 9119/11)

[*1]The People of the State of New York, respondent,
v
Kwane Alexander, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ann Donnelly, J.), rendered July 9, 2013, convicting him of attempted murder in second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court failed to properly advise him of the immigration consequences of his plea of guilty is unpreserved for appellate review, "as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that there could be immigration consequences to pleading guilty" (People v Sanchez, 152 AD3d 548, 548; see People v Pastor, 28 NY3d 1089, 1091; People v Fernandez, 148 AD3d 1052, 1052). In any event, that contention is without merit, as the record of the plea proceeding indicates that the court fulfilled its obligation under People v Peque (22 NY3d 168) by advising the defendant that as a result of pleading guilty he could be deported (see id. at 197; People v Sanchez, 152 AD3d at 548). Contrary to the defendant's contention, the court's admonition that the defendant "could" be deported was not misleading, notwithstanding that the defendant was mandatorily deportable as a result of his plea and that defense counsel informed the defendant that a felony conviction "would" result in deportation. "[N]othing in Peque would require a plea court to ascertain whether a particular conviction carries mandatory deportation under federal law and advise a defendant accordingly" (People v Manuel, 143 AD3d 473, 474). "In any event, even where deportation is legally mandatory, as a practical matter it still requires the immigration authorities to take the necessary actions, and thus the deportation consequences of [a] defendant's plea could fairly be characterized as likely rather than absolutely certain" (People v Jimenez, 150 AD3d 408, 409).
A defendant has the right to the effective assistance of counsel under both the federal and state constitutions (see People v Turner, 5 NY3d 476, 479; People v Bassi, 111 AD3d 845, 845; People v Bodden, 82 AD3d 781, 783; US Const Amend VI; NY Const, art I, § 6). To prevail on a claim of ineffective assistance of counsel under the federal standard set forth in Strickland v Washington (466 US 668), a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (id. at 687). To prevail on a claim of ineffective assistance of counsel under the state standard, a defendant must show that he was not afforded "meaningful representation" (People v Baldi, 54 [*2]NY2d 137, 147). The state standard, like the federal standard, entails a two-pronged test, "with the first prong identical to its federal counterpart" (People v Georgiou, 38 AD3d 155, 160-161). The second prong of the state standard contains a "prejudice component [which] focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
"In Padilla v Kentucky (559 US 356, 369), the United States Supreme Court applied the Strickland framework to a defense attorney's advice, or lack thereof, regarding the immigration consequences of a plea of guilty" (People v Rodriguez, 150 AD3d 1029, 1030). The Padilla court held "that counsel must inform [his or] her client whether his [or her] plea carries a risk of deportation" (Padilla v Kentucky, 559 US at 374) and determined "that a criminal defendant whose attorney failed to provide advice as to the immigration consequences of his [or her] plea of guilty received representation falling below an objective standard of reasonableness" (People v Picca, 97 AD3d 170, 173).
Here, the record reflects that defense counsel properly advised the defendant of the immigration consequences of pleading guilty by informing him that a felony conviction "would" result in his deportation (see Padilla v Kentucky, 559 US 356). Contrary to the defendant's contention, the fact that the court inquired as to whether the defendant understood that as a result of his conviction he "could" be deported, and did not advise him that he "would" be deported, did not require counsel to object to or to correct the court's admonition, or to move to vacate the defendant's plea. Accordingly, the defendant was not deprived of his constitutional right to the effective assistance of counsel.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court