People v Ramsood (2018 NY Slip Op 03860)





People v Ramsood


2018 NY Slip Op 03860


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2014-09424
 (Ind. No. 2005/13)

[*1]The People of the State of New York, respondent,
v
Totram Ramsood, appellant.


Seymour W. James, Jr., New York, NY (Heidi Bota of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher J. Blira-Koessler of counsel; Anisha Mirchandani on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Elisa S. Koenderman, J.), rendered September 23, 2013, convicting him of attempted rape in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not entered voluntarily because the Supreme Court failed to adequately advise him of the immigration consequences of his plea. Specifically, the defendant contends that, since his conviction will result in his mandatory deportation, the court was required to advise him that he would definitely be deported if he pleaded guilty.
The defendant's contention is unpreserved for appellate review, as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that there could be immigration consequences to pleading guilty (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d 168, 183; People v Sanchez, 152 AD3d 548, 548). In any event, the defendant's contention is without merit. "[A]s part of its independent obligation to ascertain whether a defendant is pleading guilty voluntarily, a trial court must alert a noncitizen defendant that he or she may be deported as a consequence of the plea of guilty" (People v Lopez-Alvarado, 149 AD3d 981, 981; see People v Peque, 22 NY3d at 193; People v Dennis, 140 AD3d 789, 789). Although no particular litany is required, "[t]he trial court must provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (People v Peque, 22 NY3d at 197; see People v Lopez-Alvarado, 149 AD3d at 981).
Here, the record demonstrates that the Supreme Court, among other things, advised the defendant that "this plea may result in you being removed from the United States" (see People v Peque, 22 NY3d at 197; People v Sanchez, 152 AD3d at 548; People v Mohammad, 148 AD3d 1185, 1185-1186; People v Egbunike, 133 AD3d 776, 777). The defendant's contention that the court was required to advise the defendant that he would definitely be deported upon pleading guilty [*2]is without merit (see People v Jimenez, 150 AD3d 408, 409; People v Manuel, 143 AD3d 473, 474; see also People v Mohammad, 148 AD3d at 1185-1186).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court