People v Mohan (2019 NY Slip Op 01429)





People v Mohan


2019 NY Slip Op 01429


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-01206

[*1]The People of the State of New York, respondent,
v
Bhawan Mohan, appellant. (S.C.I. No. 2653/13)


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Michelle Kaszuba of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dorothy Chin-Bandt, J., at plea; Stephanie Zaro, J., at sentence), rendered December 11, 2013, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, since his waiver of indictment satisfied all of the requirements of the New York Constitution and CPL article 195, the waiver was valid (see NY Const, art I, § 6; CPL 195.10, 195.20; People v Surico, 138 AD3d 899). As stated by the Court of Appeals, "[c]ompliance with the constitutionally-specified waiver mechanism establishes the prima facie validity of the waiver of the right to prosecution by indictment. Absent record evidence suggesting that a defendant's waiver was involuntary, unknowing or unintelligent, the prima facie
showing is conclusive" (People v Myers, 32 NY3d 18, 23).
To the extent that the defendant contends that the Supreme Court failed to properly advise him of the immigration consequences of his plea of guilty, this contention is unpreserved for appellate review. Notwithstanding the fact that defense counsel indicated on the record at the plea proceeding that the defendant was aware that there could be immigration consequences to pleading guilty, the defendant failed to raise the issue or move to withdraw his plea (see People v Sanchez, 152 AD3d 548). We decline to reach the contention in the exercise of our interest of justice jurisdiction.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court