People v Rodriguez-Abreu (2019 NY Slip Op 01800)





People v Rodriguez-Abreu


2019 NY Slip Op 01800


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-01447
 (Ind. No. 301/16)

[*1]The People of the State of New York, respondent,
v
Diony Rodriguez-Abreu, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Laurie K. Gibbons and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (David P. Sullivan, J.), rendered October 17, 2016, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Although the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342; People v Lopez, 6 NY3d 248, 255), his contention that his plea was not knowing, voluntary, and intelligent survives his valid appeal waiver (see People v Seaberg, 74 NY2d 1, 10; People v Fontanet, 126 AD3d 723). However, the defendant's contention that his plea of guilty was not entered voluntarily because the Supreme Court failed to adequately advise him of the immigration consequences of his plea is unpreserved for appellate review, as he failed to raise the issue or move to withdraw his plea despite indicating on the record that he was aware that there could be immigration consequences to pleading guilty (see People v Peque, 22 NY3d 168, 183; People v Ramsood, 161 AD3d 1198, 1199; People v Sanchez, 152 AD3d 548). In any event, the defendant's contention is without merit, as the court adequately advised him that his plea of guilty could expose him to deportation (see People v Ramsood, 161 AD3d at 1199; People v Sanchez, 152 AD3d at 548; People v Jimenez, 150 AD3d 408, 409).
The defendant further argues that his plea of guilty was not entered voluntarily because the Supreme Court did not accurately advise him of his potential sentencing exposure, and failed to inform him that as a consequence of his plea of guilty he may receive an enhanced sentence for any crime that he may commit in the future. However, the defendant's contentions are unpreserved for appellate review (see People v David, 163 AD3d 846) and, in any event, without merit (see People v Taylor, 60 AD3d 708, 709; People v Depeyster, 115 AD2d 613; cf. People v Garcia, 92 NY2d 869, 870).
The defendant's contention, in effect, that ineffective assistance of counsel affected the voluntariness of his plea is based, in part, on matter on the record and, in part, on matter outside the record, and thus, constitutes a mixed claim of ineffective assistance (see People v Evans, 16 NY3d 571, 575; People v Maxwell, 89 AD3d 1108, 1109). Therefore, a CPL 440.10 proceeding is [*2]the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court