People v Rogers (2019 NY Slip Op 04421)





People v Rogers


2019 NY Slip Op 04421


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01014
 (Ind. No. 649/15)

[*1]The People of the State of New York, respondent,
v
John Rogers, appellant.


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty and Guy Arcidiacono of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, Jr., J.), rendered December 21, 2016, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to criminal sale of a controlled substance in the third degree (see Penal Law § 220.39[1]), and was sentenced in accordance with the plea agreement.
The defendant contends that his plea of guilty was not voluntary, knowing, and intelligent because the County Court failed to advise him that, as a result of his conviction, he may potentially receive a sentence of life imprisonment for a subsequent conviction. Although the defendant validly waived his right to appeal (see People v Sanders, 25 NY3d 337, 341; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 257), his claim with respect to the voluntariness of the plea survives such a waiver (see People v Seaberg, 74 NY2d 1, 10; People v Murphy, 114 AD3d 704, 705; People v Joseph, 103 AD3d 665). The defendant, however, failed to preserve for appellate review his claim that the plea was involuntary (see CPL 220.60[3]; People v Peque, 22 NY3d 168, 182; People v Sanchez-Martinez, 35 AD3d 632, 633; People v Outer, 197 AD2d 543, 544). In any event, the record demonstrates that the court properly advised the defendant that as a result of his conviction, he might receive an enhanced sentence for a subsequent conviction (cf. People v McGrath, 43 NY2d 803, 804; People v Taylor, 60 AD3d 708, 709; People v Sanchez-Martinez, 35 AD3d at 633; People v Outer, 197 AD2d at 544), and that the defendant's plea was entered voluntarily, knowingly, and intelligently (see People v Conceicao, 26 NY3d 375, 382-383; People v Harris, 61 NY2d 9, 19).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court