People v Plaza (2019 NY Slip Op 09030)





People v Plaza


2019 NY Slip Op 09030


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-12803
 (Ind. No. 91/17)

[*1]The People of the State of New York, respondent,
v
Raul Plaza, appellant.


Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 3, 2017, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not entered voluntarily because the County Court failed to adequately advise him of the immigration consequences of his plea. However, the defendant's contention is unpreserved for appellate review, as he failed to raise the issue before the court or move to withdraw his plea despite indicating on the record that he was aware that there could be immigration consequences to pleading guilty (see People v Peque, 22 NY3d 168, 183; People v Rodriguez-Abreu, 170 AD3d 895, 895-896; People v Ramsood, 161 AD3d 1198, 1199; People v Sanchez, 152 AD3d 548). In any event, the defendant's contention is without merit.
"[A]s part of its independent obligation to ascertain whether a defendant is pleading guilty voluntarily, a trial court must alert a noncitizen defendant that he or she may be deported as a consequence of the plea of guilty" (People v Lopez-Alvarado, 149 AD3d 981, 981; see People v Peque, 22 NY3d at 193). Although no particular litany is required, "[t]he trial court must provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (People v Peque, 22 NY3d at 197; see People v Ramsood, 161 AD3d at 1199; People v Lopez-Alvarado, 149 AD3d at 981). Here, the County Court fulfilled its obligation under People v Peque by advising the defendant, among other things, that he may be deported as a result of his plea of guilty (see People v Ramsood, 161 AD3d at 1199; People v Alexander, 159 AD3d 1019, 1019). Contrary to the defendant's contention, the court was not required to advise him that he would definitely be deported upon pleading guilty (see People v Ramsood, 161 AD3d at 1199; People v Alexander, 159 AD3d at 1020; People v Jimenez, 150 AD3d 408, 409; People v Manuel, 143 AD3d 473, 474).
The defendant's remaining contention is without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court