People v Villalta (2021 NY Slip Op 02324)





People v Villalta


2021 NY Slip Op 02324


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-01572
 (Ind. No. 9061/17)

[*1]The People of the State of New York, respondent,
v
Juan Villalta, appellant.


Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin P. Murphy, J.), rendered September 3, 2019, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the factual sufficiency of his plea allocution and his contention that the plea was invalid because the Supreme Court did not inquire as to his understanding of English are unpreserved for appellate review, as the defendant did not move to vacate his plea or otherwise raise these issues before the court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 665). In any event, these contentions are without merit (see People v Goldstein, 12 NY3d 295, 301; People v Kaye, 190 AD3d 767; People v Jiminez, 96 AD3d 1109, 1110; see generally People v Ramos, 26 NY2d 272).
The defendant's contention that his plea of guilty was not entered voluntarily because the Supreme Court failed to adequately advise him of the immigration consequences of his plea is similarly unpreserved for appellate review, as he failed to raise the issue before the court or move to withdraw his plea (see People v Peque, 22 NY3d 168, 183; People v Rodriguez-Abreu, 170 AD3d 895, 895-896; People v Ramsood, 161 AD3d 1198, 1199; People v Sanchez, 152 AD3d 548). In any event, the record reveals that the court advised the defendant that his plea of guilty to a felony could be a "basis for [his] deportation" (see People v Sanchez, 152 AD3d at 548; People v Gustavo-Cano, 149 AD3d 1100, 1101; People v Martial, 125 AD3d 688, 689; People v Taveras, 123 AD3d 745, 746).
The defendant was not deprived of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Baldi, 54 NY2d 137, 147).
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court