People v Arellano-Venegas (2021 NY Slip Op 05865)





People v Arellano-Venegas


2021 NY Slip Op 05865


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2019-04715
 (Ind. No. 292/16)

[*1]The People of the State of New York, respondent,
v
Guadalupe Arellano-Venegas, appellant.


Pat Bonanno, White Plains, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered July 18, 2018, convicting her of aggravated driving while intoxicated and bail jumping in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that her plea of guilty to bail jumping in the second degree was not entered knowingly, intelligently, and voluntarily because the County Court failed to adequately advise her of the immigration consequences of her plea to that charge is unpreserved for appellate review as she failed to raise the issue before the court or move to withdraw her plea (see People v Pastor, 28 NY3d 1089, 1091; People v Peque, 22 NY3d 168, 183; People v Lopez, 193 AD3d 1077).
In any event, the defendant's contention is without merit. "[A]s part of its independent obligation to ascertain whether a defendant is pleading guilty voluntarily, a trial court must alert a noncitizen defendant that he or she may be deported as a consequence of the plea of guilty" (People v Lopez-Alvarado, 149 AD3d 981, 981; see People v Peque, 22 NY3d at 193; People v Plaza, 178 AD3d 958, 958). Although no particular litany is required, "[t]he trial court must provide a short, straightforward statement on the record notifying the defendant that, in sum and substance, if the defendant is not a United States citizen, he or she may be deported upon a guilty plea" (People v Peque, 22 NY3d at 197; see People v Plaza, 178 AD3d at 958)
.
Here, the record demonstrates that the County Court fulfilled its obligation under People v Peque by advising the defendant that the "plea of guilty will subject you to deportation," and that "neither your attorney, nor I, nor anyone else can guarantee that you will not be deported" as result of the plea of guilty (see People v Peque, 22 NY3d at 197; People v Alexander, 159 AD3d 1019, 1019). The court was not required to ascertain whether any particular conviction carries mandatory deportation under federal law and advise accordingly (see People v Alexander, 159 AD3d at 1020; People v Manuel, 143 AD3d 473, 474). The court was not required to advise the defendant that she would definitely be deported upon pleading guilty (see People v Ramsood, 161 AD3d 1198, [*2]1199; People v Jimenez, 150 AD3d 408, 409; People v Manuel, 143 AD3d at 474).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court