People v Morataya-Mendez (2025 NY Slip Op 06187)

People v Morataya-Mendez

2025 NY Slip Op 06187

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-04622
 (Ind. No. 70297/22)

[*1]The People of the State of New York, respondent,
v
Sebastian A. Morataya-Mendez, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Winter A. Vega of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Jessica Segal, J.), rendered April 12, 2023, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not entered knowingly, intelligently, and voluntarily because the County Court failed to adequately advise him of the immigration consequences of his plea to that charge is unpreserved for appellate review as he failed to raise the issue before the court or move to withdraw his plea (see People v Pastor, 28 NY3d 1089, 1091; People v Bondoc-Gutierrez, 186 AD3d 726, 726). In any event, the defendant's contention is without merit. The court was not required to ascertain whether any particular conviction carries mandatory deportation under federal law and advise the defendant accordingly (see People v Arellano-Venegas, 198 AD3d 982, 983; People v Alexander, 159 AD3d 1019, 1019-1020).
Moreover, the fact that the County Court inquired as to whether the defendant understood that as a result of his conviction he could be deported, and did not advise him that he would be deported, did not require counsel to object to or to correct the court's admonition, or to
move to vacate the defendant's plea (see People v Tariq, 166 AD3d 1248, 1248; People v Alexander, 159 AD3d at 1021). Accordingly, the defendant was not deprived of his constitutional right to the effective assistance of counsel.
Contrary to the defendant's contention, evidence of his postplea criminal conduct provided a legitimate basis for the enhancement of his sentence (see People v Ford, 224 AD3d 847, 847; People v Woods, 150 AD3d 1560, 1561; People v Fumia, 104 AD3d 1281, 1282).
The defendant's contention that his sentence violated the New York State and United States Constitutions' prohibitions against cruel and unusual punishment is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit (see People v Escalona, 237 AD3d 968, 971). Moreover, the sentence imposed was not excessive (see People v Brisman, 43 NY3d 322, 324).
The defendant's remaining contention is without merit.
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court