People v Escobar (2025 NY Slip Op 07019)

People v Escobar

2025 NY Slip Op 07019

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-09131
 (Ind. No. 298/21)

[*1]The People of the State of New York, respondent,
v
Bryan J. Escobar, appellant.

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 9, 2021, convicting him of conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was involuntary because the Supreme Court failed to properly advise him of the immigration consequences of his plea is unpreserved for appellate review. The defendant "was informed before he pleaded guilty of the possibility that he could be deported as a result of his plea, and if he was confused about that issue, he was obligated to move to withdraw his plea on that ground before the sentencing court" (People v Pastor, 28 NY3d 1089, 1091; see People v Jules, 232 AD3d 909, 910). In any event, this contention is without merit. The record demonstrates that the court advised the defendant that he could be deported as a result of his plea of guilty (see People v Peque, 22 NY3d 168, 197; People v Jules, 232 AD3d at 910). The court was not required to determine whether the crime carried mandatory deportation under federal law or to advise the defendant that his deportation was a certainty (see People v Arellano-Venegas, 198 AD3d 982, 983).
The record as a whole discloses that the defendant entered his plea understandingly, knowingly, and voluntarily (see generally People v Conceicao, 26 NY3d 375, 382-384).
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d 69, 76-78). Generally, an appeal waiver will encompass any issue that does not involve a right of constitutional dimension going to the very heart of the process (see People v Lopez, 6 NY3d at 255; People v Batista, 167 AD3d at 73). Here, the defendant's valid waiver of his right to appeal precludes our review of his contention that the People failed to comply with CPL 245.70. Moreover, by entering a plea of guilty, he forfeited this contention (see People v Smith, 217 AD3d 1578, 1578; People v Matos, 176 AD3d 976, 977; People v Mills, 124 AD2d 600, 601).
The defendant's valid waiver of his right to appeal precludes review of his contention [*2]that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea of guilty (see People v Ponce, 232 AD3d 741, 742). Further, by entering a plea of guilty, the defendant forfeited any claim of ineffective assistance of counsel that did not directly involve the plea negotiation process (see id.). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, and was not forfeited by his plea of guilty, that contention is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Ponce, 232 AD3d at 742).
DILLON, J.P., MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court