■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY BRINKHUIS, Appellant. [841 NYS2d 897]—Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Weber, J.), dated November 23, 2005, which denied his motion, in effect, pursuant to CPL 440.10 to set aside a judgment of the same court rendered May 3, 2000, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

There is no merit to the defendant's claim that he is entitled to summary reversal of the judgment rendered May 3, 2000, on the ground that the minutes of his plea and sentence have been lost. The defendant failed to file a notice of appeal from the judgment rendered May 3, 2000, and a motion to vacate the judgment pursuant to CPL 440.10 cannot be used as a substitute for a direct appeal (*see* CPL 440.10 [2] [c]; *People v Cooks,* 67 NY2d 100 [1986]). If the defendant had filed a notice of appeal and then determined that the minutes had been lost, he could then have moved for summary reversal. His claim that he was not advised that the crime of which he was convicted constituted a violent felony which could result in an enhanced sentence for a subsequent conviction was not a basis to set aside his plea of guilty (*see People v McGrath,* 43 NY2d 803, 804 [1977]; *People v Sanchez-Martinez,* 35 AD3d 632 [2006]; *People v Parker,* 309 AD2d 508, 509 [2003]; *People v Outer,* 197 AD2d 543, 544 [1993]).

The defendant's remaining contentions are without merit. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.