People v Murphy (2023 NY Slip Op 01922)

People v Murphy

2023 NY Slip Op 01922

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

112983
[*1]The People of the State of New York, Respondent,
v
Kareem Murphy, Appellant.

Calendar Date:February 16, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.
Appeal, by permission, from an order of the Supreme Court (Roger D. McDonough, J.), entered July 20, 2021 in Albany County, which, among other things, denied defendant's motion pursuant to CPL 440.10 to vacate the judgments convicting him of the crimes of assault in the first degree and attempted assault in the first degree, after a hearing.
In 1995, defendant was indicted and charged with one count each of attempted murder in the second degree, assault in the first degree, attempted robbery in the first degree and attempted robbery in the second degree. The charges stemmed from an incident where defendant and his codefendants attempted to steal a bicycle from the victim, during the course of which defendant shot the victim in the torso. Defendant subsequently pleaded guilty — in full satisfaction of that indictment — to assault in the first degree with the understanding that he would be sentenced to a prison term of 4 to 12 years. County Court (Breslin, J.) imposed the agreed-upon prison term, and defendant did not appeal from the judgment of conviction.
In 2008, defendant was indicted and charged with one count each of attempted murder in the second degree, assault in the first degree, assault in the second degree and criminal possession of a weapon in the third degree. These charges stemmed from an altercation between defendant and his stepfather, during the course of which defendant repeatedly stabbed his stepfather with a large knife. In full satisfaction of that indictment, defendant was permitted to plead guilty to the reduced charge of attempted assault in the first degree in exchange for a prison term of eight years followed by five years of postrelease supervision. In February 2009, Supreme Court (Lamont, J.) sentenced defendant as a second felony offender to the contemplated term of imprisonment and, again, defendant did not appeal from the judgment of conviction.
In 2015, defendant was convicted of tampering with physical evidence and was sentenced to a prison term of 1½ to 3 years. Thereafter, defendant was indicted and charged in 2019 with one count of robbery in the first degree, two counts of robbery in the second degree and one count of assault in the second degree.[FN1] Defendant subsequently pleaded guilty — in full satisfaction of that indictment — to one count of assault in the second degree with the understanding that he would be sentenced to a prison term of 12 years to life. Prior to sentencing upon that charge, defendant — in September 2019 — moved pursuant to, among other provisions, CPL 440.10 to vacate his 1995 and 2009 convictions upon the ground that he received ineffective assistance of counsel. Specifically, defendant contended that his respective attorneys failed to apprise him of the consequences of pleading guilty to a violent felony in the context of both his 1995 and 2009 convictions — namely, that he would be subject to enhanced sentencing should he be convicted of a subsequent violent felony. Defendant also [*2]argued that the attorney who represented him with respect to his 1995 conviction failed to seek youthful offender treatment with respect to that conviction. The People opposed the requested relief and defendant replied. In May 2020, Supreme Court (Breslin, J.) granted defendant an evidentiary hearing on his motion. Following the May 2021 hearing, at which defendant and the attorneys who represented him during his 1995 and 2009 pleas appeared and testified, Supreme Court (McDonough, J.), among other things, denied defendant's CPL 440.10 motion, finding no legal basis upon which to vacate the underlying convictions. Defendant appeals — with permission — from Supreme Court's order.
Defendant contends that Supreme Court erred in denying his CPL 440.10 motion. We disagree. Turning first to defendant's youthful offender claim, the People do not dispute that, on the date that the underlying crime was committed (July 18, 1995), defendant (born in October 1976) was less than 19 years old and, hence, theoretically was eligible for youthful offender treatment — notwithstanding his commission of an armed felony (see CPL 1.20 [41]; 720.10 [1]-[3]). However, at the time of defendant's 1995 sentencing, County Court "was not required to consider youthful offender treatment unless defendant requested it, and the failure to request it waived the right to have it considered" (People v Vanderhorst, 199 AD3d 119, 122 [3d Dept 2021], lv denied 37 NY3d 1099 [2021]).
Although defendant argues that counsel's failure to request youthful offender treatment constituted ineffective assistance, the assistant public defender then representing defendant testified at the hearing that he broached the subject with County Court during a preplea conference, and the court, in turn, indicated that it "would not even consider youthful offender [treatment] in a shooting case." Additionally, inasmuch as defendant stood convicted of an armed felony, he would have been required to demonstrate the existence of "mitigating circumstances [bearing] directly upon the manner in which the crime was committed" or, under the circumstances presented here, that his participation in the crime "was relatively minor" (CPL 720.10 [3] [i], [ii]) — a demonstration that appears unlikely given that defendant was the individual who shot the victim and, hence, directly caused the resulting physical injury (see e.g. People v Colon, 208 AD3d 1551, 1553 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]). It is well settled that "counsel's failure to make a motion or argument that has little or no chance of success does not constitute the ineffective assistance of counsel" (People v Calafell, 211 AD3d 1114, 1120 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1077 [2023]; see People v Watkins, 180 AD3d 1222, 1233 [3d Dept 2020], lv denied 35 NY3d 1030 [2020]). Accordingly, counsel's failure to seek youthful offender treatment in the context of defendant's 1995 conviction did not [*3]constitute the ineffective assistance of counsel and, hence, defendant is not entitled to vacatur of his plea upon this ground.
Furthermore, regardless of what defendant's respective attorneys may or may not have discussed with him relative to his predicate felony status and the potential sentencing consequences associated therewith, any failure to expressly advise defendant that he was pleading guilty in 1995 and 2009 to violent felonies neither warrants invalidating defendant's pleas nor constitutes the ineffective assistance of counsel. "A court must advise a defendant of the direct consequences of the plea but has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions" (People v Nelson, 206 AD3d 1703, 1704 [4th Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1152 [2022]; see People v Monk, 21 NY3d 27, 32 [2013]). "A direct consequence of a guilty plea is one which has a definite, immediate and largely automatic effect on the defendant's punishment, whereas a collateral consequence is one peculiar to the individual's personal circumstances and one not within the control of the court system" (People v Peque, 22 NY3d 168, 184 [2013] [internal quotation marks, brackets and citations omitted], cert denied 574 US 840 [2014]; see People v Nelson, 206 AD3d at 1704). Notably, courts consistently have held that "a defendant's eligibility for an enhanced sentence upon a hypothetical future conviction is merely a collateral consequence of a plea of guilty that the defendant need not be advised of in order for the guilty plea to be deemed fully informed" (People v Orellana, 181 AD3d 457, 457 [1st Dept 2020] [internal quotation marks and citation omitted], lv denied 35 NY3d 1028 [2020]; accord People v Richardson, 132 AD3d 1022, 1023 [3d Dept 2015]; see People v King, 166 AD3d 1236, 1237 [3d Dept 2018]). More to the point, and contrary to defendant's assertion, defense counsel's failures to advise him of "the more serious sentencing-enhancement consequences of a violent felony," which "are plainly collateral and contingent," were insufficient to invalidate his plea (People v Lewis, 129 AD3d 637, 638 [1st Dept 2015], lv denied 26 NY3d 1009 [2015]; see People v Kaufman, 109 AD3d 1005, 1006 [2d Dept 2013], lv denied 22 NY3d 1041 [2013]).
Nor does any omission in this regard constitute the ineffective assistance of counsel. Although defendant averred in support of his motion that, had he been apprised of the consequences of potentially becoming either a second violent felony offender or a persistent violent felony offender, he never would have accepted the respective pleas, two points are worth noting. First, defendant's affidavit was unsworn and, hence, was of no evidentiary value (see generally Maki v Travelers Cos., Inc., 145 AD3d 1228, 1230 [3d Dept 2016], appeal dismissed 29 NY3d 943 [2017]), and defendant did not repeat these assertions [*4]at the evidentiary hearing. Additionally, given that — in both 1995 and 2009 — defendant was facing attempted murder charges involving the use of a deadly weapon, it strains credulity to suggest that the potential for an enhanced sentence "was of such great importance to him" that he would have rejected what otherwise were very advantageous plea offers "had that consequence been disclosed" (People v Gravino, 14 NY3d 546, 559 [2010]). In any event, counsel's respective failures to expressly advise defendant of a collateral consequence of his pleas is insufficient — standing alone — to constitute the ineffective assistance of counsel. For all of these reasons, Supreme Court properly denied defendant's motion to vacate.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed.

Footnotes

Footnote 1: The conviction on the 2019 charges is the subject of a separate appeal (People v Murphy, ___ AD3d ___ [3d Dept 2023] [decided herewith]).