People v Howard (2024 NY Slip Op 04844)

People v Howard

2024 NY Slip Op 04844

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

112908
[*1]The People of the State of New York, Respondent,
v
Jarrell Howard, Appellant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Stephan R. Weiss, Schenectady, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court (Youth Part) of Albany County (William A. Carter, J.), rendered July 1, 2020, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
On July 18, 2019, a sleeping three-year-old child was struck and wounded by one of several 9 millimeter rounds fired in the City of Albany. A subsequent investigation implicated defendant and his codefendants, as a result of which defendant, then 16 years old, was arrested and charged in the Youth Part of Albany County Court as an adolescent offender with two counts of attempted murder in the second degree and one count each of criminal use of a firearm in the first degree, assault in the second degree, reckless endangerment in the first degree and tampering with physical evidence. Following his arraignment, defendant appeared for a hearing pursuant to CPL 722.23 (2), at the conclusion of which County Court (Youth Part) (Rivera, J.) declined to remove the matter to Family Court.
Shortly thereafter, defendant and the codefendants were charged in a multicount indictment with numerous crimes stemming from — as relevant here — the July 18, 2019 incident. In full satisfaction of that indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree in February 2020 with the understanding that he would be sentenced to a prison term of 10½ years, to be followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and Supreme Court (Breslin, J.) continued defendant's release under supervision pending sentencing. In so doing, Supreme Court cautioned defendant that should he fail to appear for sentencing or be arrested in the interim, it would not be bound by the plea agreement and could sentence defendant to a prison term of up to 15 years. Defendant both failed to appear for sentencing in May 2020 and was arrested on new charges in June 2020. When the parties appeared for sentencing in July 2020, County Court (Carter, J.) declined to afford defendant youthful offender treatment, granted the People's request for an enhancement based upon defendant's recent conduct, which defendant did not oppose, and sentenced defendant to a prison term of 15 years, to be followed by five years of postrelease supervision. This appeal ensued.
Preliminarily, we reject defendant's assertion that this matter should have been removed to Family Court. Pursuant to CPL 722.23 (2) (a), an adolescent offender is entitled to an appearance within six days of his or her arraignment to determine whether, upon review of "the accusatory instrument and any other relevant facts," the matter should be removed from County Court (Youth Part) to Family Court (CPL 722.23 [2] [b]). "Upon such appearance, . . . [b]oth parties may be heard and submit information relevant to the determination" (CPL 722.23 [2] [b]). Removal [*2]is required unless the People establish, by a preponderance of the evidence and as pertinent here, that the offender "caused significant physical injury to a person other than a participant in the offense" (CPL 722.23 [2] [c] [i]). We are satisfied that the proof tendered by the People, including the various photographs and text messages implicating defendant in the charged crimes, sufficiently established by a preponderance of the evidence that defendant caused significant physical injury to the victim. Accordingly, removal of this matter to Family Court was not mandated.
Moving on, the People concede — and our review of the record reveals — that defendant's waiver of the right to appeal is invalid (see People v Greene, 207 AD3d 804, 805 [3d Dept 2022], lv denied 38 NY3d 1150 [2022]) and, therefore, defendant's claims that County Court abused its discretion in failing to accord him youthful offender status and that the enhanced sentence imposed was unduly harsh or severe (see CPL 470.15 [6] [b]) are not precluded (see People v Wimberly, 228 AD3d 1177, 1178 [3d Dept 2024]). That said, we discern no basis upon which to alter the sentence imposed.
"Where, as here, a youth has been convicted of an armed felony offense, he or she is eligible to be found a youthful offender if the sentencing court determines that one or [both] of the factors set forth in CPL 720.10 (3) are present — namely, whether there are mitigating circumstances that bear directly upon the manner in which the crime was committed or, if the defendant was not the sole participant in the crime, whether the defendant's participation was relatively minor, although not so minor as to constitute a defense. If the court determines, in its discretion, that neither of the statutory factors exists and states the reasons for that determination on the record, no further determination by the court is required" (People v Wimberly, 228 AD3d at 1178 [internal quotation marks, brackets and citations omitted]; see CPL 720.10 [3] [i], [ii]; People v Murphy, 215 AD3d 1071, 1073 [3d Dept 2023], lv denied 40 NY3d 930 [2023]). Despite some initial confusion as to defendant's eligibility, the People acknowledged at sentencing that defendant was an eligible youth and, although County Court's remarks could have been more expansive, it is clear from the transcript that the court expressly considered the factors set forth in CPL 720.10 (3) and found them to be inapplicable. As the court's findings in this regard are fully supported by the record, we decline to disturb them. With respect to the issue of the enhanced sentence, we note that defendant expressly acknowledged at sentencing that he was arrested for additional crimes after he pleaded guilty and indicated that he would not contest the requested enhancement. Even disregarding defendant's concessions in this regard, we do not find the 15-year prison term imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Finally, defendant contends that he [*3]was denied the effective assistance of counsel due to counsel's failure to oppose the enhanced sentence and corresponding decision to waive an Outley hearing. To the extent that this argument is properly before us (see People v Vivona, 199 AD3d 1165, 1166-1167 [3d Dept 2021]; People v Austin, 141 AD3d 956, 957-958 [3d Dept 2016]), we find it to be lacking in merit. A review of the sentencing transcript makes clear that counsel's decisions in this regard were the result of negotiations with the People, wherein defendant agreed to consent to the enhanced sentence and to waive the Outley hearing in exchange for the potential for concurrent sentencing following resolution of additional charges then pending against him. Inasmuch as there was a strategic reason for the course charted by counsel (compare People v Barnes, 177 AD3d 1168, 1169 [3d Dept 2019]), and given that the record otherwise fails to disclose that defendant was denied meaningful representation, we are satisfied that defendant received the effective assistance of counsel. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Pritzker, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.